UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| KENDALE WALKER, | Case No. 6:23-cv-02132 |
| Plaintiff, | Demand for a Jury Trial |
| v. | |
| AMERICAN SENIOR PRODUCTS LLC, JASON JUE, AND BLAIR JESSWEIN, | |
| Defendants. | |

# CLASS ACTION COMPLAINT

## INTRODUCTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls…. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. Defendants American Senior Products LLC ("ASP"), Jason Jue ("Jue"), and Blair Jesswein ("Jesswein") (collectively, "Defendants") have contributed to this barrage of telephone spam by initiating illegal calls to Plaintiff Kendale Walker ("Walker").

3. Walker wants this telephone spam to stop. Others do, as well. Walker's counsel in this matter has six other clients who have received unwanted and unsolicited telephone calls from Defendants. And Defendants have already been sued several other times for telephone spam, but that has not caused Defendants to stop spamming.

4. Walker brings this action, individually and on behalf of putative class members, to seek injunctive relief and damages.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the TCPA. 47 U.S.C. § 227.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a significant portion of the events giving rise to this lawsuit occurred in this district.

## PARTIES

7. Plaintiff Kendale Walker is a resident of Daytona Beach, Florida.

8. Defendant American Senior Products LLC is a Delaware limited liability company with its principal place of business in Savannah, Georgia.

9. Defendant Jason Jue is the CEO of American Senior Products and a resident of Savannah, Georgia.

10. Defendant Blair Jesswein is the owner of American Senior Products and a resident of Savannah, Georgia.

## FACTUAL ALLEGATIONS

11. Walker's home, phone, and privacy have been invaded by Defendants' non-emergency calls.

12. Walker is the residential subscriber of the cell phone number 386-202-0094. Walker uses this phone number at home. Walker makes and takes personal calls and text messages on this phone number.

13. Walker registered the number 386-202-0094 on the National Do Not Call Registry ("DNCR") on October 1, 2010.

14. Defendants have initiated calls to Walker at least two times, including the following:

   i. <u>Call from 754-256-3035 on May 17, 2023, at 7:56pm UTC</u>
   *Voicemail:* This is Jessica with America's Lift Chair calling about our risk-free lift chair trial. Our chair has massage, heat, and incline position, and we need people to try the chair and provide feedback to us. So please call me back at 844-561-2499 and once again that's 844-561-2499 to sign up for the trial.

   ii. <u>Call from 305-686-0718 on May 17, 2023, at 9:55pm UTC</u>
   *Voicemail:* This is Jessica with America's Lift Chair calling about our risk-free lift chair trial. Our chair has massage, heat, and incline position, and we need people to try the chair and provide feedback to us. So please call me back at 844-561-2499 and once again that's 844-561-2499 to sign up for the trial.

15. ASP initiated the calls using a prerecorded voice. The voicemail MP3s reveal that the caller started talking in the middle of the voicemail greeting, which is not something a live person does. Also, the calls sounded like recordings: the intonation, pauses, etc. were exactly the same in both calls.

16. Both voicemails received by Walker, which came from two different phone numbers about two hours apart, included the exact same message identifying the caller as "America's Lift Chair."

3

17. American Senior Products, LLC initially operated under the name America's Lift Chairs, LLC.

18. On April 11, 2018, America's Lift Chairs, LLC was registered domestically in Georgia with Jue listed as the registered agent.

19. On March 6, 2019, Jue filed an annual registration/renewal in Georgia for America's Lift Chairs, LLC.

20. On March 16, 2020, Jesswein filed an annual registration/renewal in Georgia for America's Lift Chairs, LLC, listing himself as an authorized person for the company.

21. On August 12, 2020, Jue filed a certificate of conversion in Georgia, converting the Georgia-domestic America's Lift Chair, LLC to a Delaware-foreign non-qualifying entity with the name America's Lift Chairs, LLC. Jue listed himself as manager on the filing.

22. On August 12, 2020, America's Lift Chairs, LLC was registered as a domestic entity in Delaware.

23. On February 12, 2021, America's Lift Chairs, LLC amended its name with the Delaware Secretary of State to American Senior Products, LLC.

24. On May 25, 2023, Jue filed an annual registration/renewal in Georgia for American Senior Products, LLC, listing himself as manager.

25. These public corporate filings show that for over five years both Jue and Jesswein have been involved as principles, managers, and authorized persons for ASP.

26. This is further supported by the website Datanyze.com, wherein Jue is listed as the CEO of America's Lift Chairs and Jesswein is listed as the owner.

27. Over the last five years, America's Lift Chairs and ASP have been sued at least six times for violations of the TCPA. See *Nelums v. America's Lift Chairs, LLC et al,* No. 1:22-cv-00739 (N.D.Ohio, 2022); *Birkofer et al v. American Senior Products, LLC*, No. 4:23-cv-00058, (S.D.Ga., 2023); *Chapman v. America's Lift Chairs, LLC,* No. 4:21-cv-00245 (S.D.Ga., 2022); *Barton v. America's Lift Chairs LLC et al,* No. 3:21-cv-05850 (W.D.Wash., 2021); *Salaiz v. America's Lift Chairs, LLC* et al, No. 3:22-cv-00026 (W.D.Tex., 2022); and *Rojas v. America's Lift Chairs, LLC*, No. 1:21-cv-06808 (N.D.Ill., 2021).

28. Despite these lawsuits, ASP continues to spam.

29. Jue and Jesswein, as principals of ASP during this time, are aware not only of the telephone spam but also of these lawsuits, yet they continue to authorize and oversee the illegal calls.

30. In the *Salaiz* matter, Jue was named individually as a Defendant alongside America's Lift Chairs.

31. Jesswein is also no stranger to the TCPA, as he was named individually as a Defendant back in 2018 in a federal suit involving TCPA violations. See *Bank v. ICOT Holdings, LLC et al*, No. 1:18-cv-02554-AMD-PK, (E.D.N.Y., 2018).

32. Because Jue and Jesswein have continued to authorize and direct these illegal telephone spam calls, they are each individually liable.

33. The purpose of these calls was to encourage the purchase of ASP's lift chair products, the same as are offered for sale on ASP's website.

34.     Walker never provided the number 386-202-0094 to Defendants, never had a relationship with Defendants, and never gave permission for Defendants to send any type of communication.

35.     On information and belief, Defendants initiated the calls using an automated system that randomly or sequentially generated Walker's number, as well as that of Walker's counsel's other clients who have received unwanted and unsolicited telephone calls from Defendants.

36.     ASP's calls are a nuisance and annoyance to Walker. The calls have invaded Walker's privacy. The spam has diminished the value of Walker's phone and Walker's enjoyment of life.

## LEGAL STANDARD

37.     **Prerecorded or Artificial Voice**. The TCPA prohibits calls to cell phones using an "artificial or prerecorded voice" except for "emergency purposes" or with the "prior express consent" of the called party. 47 C.F.R. § 64.1200(a)(1). Calls that introduce an advertisement or constitute telemarketing require "prior express written consent." 47 C.F.R. § 64.1200(a)(2).

38.     **National Do Not Call Registry**. Residential telephone subscribers who do not want to receive telephone solicitations may place their phone number on the National DNCR. 47 C.F.R. § 64.1200(c)(2). The TCPA proscribes callers from making "any telephone solicitation to… [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c)(2). Wireless telephone subscribers are allowed to place their number on the DNCR. 47 C.F.R. § 64.1200(e).

39. **Automatic Telephone Dialing System**. The TCPA prohibits calls to cell phones using an automatic telephone dialing system ("ATDS") except for "emergency purposes" or with the "prior express consent" of the called party. 47 C.F.R. §64.1200(a)(1). Calls that introduce an advertisement or constitute telemarketing require "prior express written consent." 47 C.F.R. § 64.1200(a)(2).

40. **Personal Liability**. Individuals may be personally liable for TCPA violations when the individual "actually committed the conduct that violated the TCPA, and/or actively oversaw and directed this conduct." *City Select Auto Sales Inc. v. David Randall Assocs.*, 855 F.3d 154, 162 (3d Cir. 2018); see also 47 U.S.C. § 217.

## CLASS ACTION ALLEGATIONS

41. Pursuant to Civ. R. 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, Walker brings this action on behalf of all other persons similarly situated throughout the United States.

42. Walker proposes the following Classes:

**The Prerecorded Voice Class**
All people in the United States (1) to whom Defendants initiated one or more calls to their cellular telephone, (2) using a prerecorded or artificial voice, (3) within the last four years from the filing of this action.

**The DNCR Class**
All people in the United States (1) to whom Defendants initiated more than one telephone solicitation within any 12-month period, (2) to their cellular telephone number, (3) while their phone number was listed on the National Do Not Call Registry, (4) within the last four years from the filing of this action.

7

> **The ATDS Class**
> All people in the United States (1) to whom Defendants initiated one or more call to their cellular telephone, (2) using the same equipment or type of equipment utilized to initiate calls to Walker, (3) within the last four years from the filing of this action.

43. Walker does not know the exact number of class members but reasonably believes the number to be in the thousands, thus making joinder of all class members impracticable.

44. Class members are identifiable through phone records and phone number databases.

45. There are questions of law and fact common to Walker and the class member including but not limited to:

    i. Whether Defendants initiated the calls;

    ii. Whether Defendants' calls violated the law; and

    iii. Whether Walker and class members are entitled to statutory damages, trebled damages, and injunctive relief.

46. Walker's claims are typical of the claims of the class members. Walker's claims, like the class members' claims, arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

47. Walker is an adequate representative of the class because Walker's interests do not conflict with the interests of the class members, Walker will fairly and adequately protect the interests of the class members, and Walker is represented by counsel skilled and experienced in class actions, including TCPA class actions.

48. Common questions of law and fact predominate over questions affecting only individual class members.

49. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the damages are statutory. Notice to class members can be provided by mail or other means. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

50. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

### FIRST CAUSE OF ACTION
### Illegal Use of a Prerecorded or Artificial Voice
### (On Behalf of Plaintiff and the Prerecorded Voice Class)

51. ASP violated 47 C.F.R. § 64.1200(a)(1)-(2) by using a prerecorded or artificial voice without consent and without an emergency purpose when initiating calls to Walker and members of the Prerecorded Voice Class.

52. Jue and Jesswein directly controlled, authorized, and/or participated in initiating the calls and are therefore personally liable for the calls.

53. Walker and members of the Prerecorded Voice Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(b)(3).

54. The court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

55. The court should enjoin such violations. *Id.*

## SECOND CAUSE OF ACTION
### Illegal Solicitation of Persons on the DNCR
### (On Behalf of Walker and the Do Not Call Class)

56. ASP violated 47 C.F.R. § 64.1200(c)(2) by initiating calls to Walker and members of the DNCR Class while their phone numbers were on the DNCR.

57. Jue and Jesswein directly controlled, authorized, and/or participated in initiating the calls and is therefore personally liable for the calls.

58. Walker and members of the DNCR Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(c)(5).

59. The court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

60. The court should enjoin such violations. *Id.*

## THIRD CAUSE OF ACTION
### Illegal Use of an Automatic Telephone Dialing System
### (On Behalf of Walker and the ATDS Class)

61. ASP violated 47 C.F.R. § 64.1200(a)(1)-(2) by using an ATDS to contact Walker and members of the ATDS Class.

62. Jue and Jesswein directly controlled, authorized, and/or participated in initiating the calls and are therefore personally liable for the calls.

63. Walker and members of the ATDS Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(b)(3).

64. The court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

65. The court should enjoin such violations. *Id.*

## RELIEF REQUESTED

Walker respectfully requests the Court grant the following relief:

A. Certification of the proposed Classes;

B. Appointment of Walker as class representative;

C. Appointment of the undersigned as lead counsel for the Classes;

D. Injunctive relief as set forth above;

E. An award of damages to Walker and class members, as allowed by law;

F. An award of fees, costs, and interest, as allowed by law; and

G. Orders granting such other relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Walker requests a jury trial as to all claims of the Complaint so triable.

DATED November 2, 2023

                                              Respectfully submitted,

                                              */s/ John Kauffman*
                                              John Kauffman
                                              Florida Bar No. 538205
                                              LawHQ, PC
                                              299 S. Main St. #1300
                                              Salt Lake City, UT 84111
                                              385-285-1090
                                              john.kauffman@lawhq.com

                                              *Lead Counsel for Plaintiff*